IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JAMES S. SCOTT                                                                                PETITIONER

vs.                        Case No. 4:07-CV-00032-BSM-HLJ

G. DAVID GUNTHARP, Director
Arkansas Department of Community Correction;
WILLARD PROCTOR, JR., Circuit Judge, Sixth
Judicial District                                                                              RESPONDENTS

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than ten (10) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

      1.      Why the record made before the Magistrate Judge is inadequate.

      2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

      3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

      Clerk, United States District Court
      Eastern District of Arkansas
      600 West Capitol Avenue, Suite A149
      Little Rock, AR 72201-3325

I.

Pending before the court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 filed by James S. Scott. A Pulaski County Circuit Court jury convicted Scott of the first-degree sexual abuse of his then two-and-a-half year old daughter and sentenced him to ten years' probation, 120 days in jail, and a $15,000 fine. Scott appealed to the Arkansas Court of Appeals, (DE #4, Response to Petition for Writ of Habeas Corpus, Exhibit 3) arguing the trial court erred in permitting leading questions of the child witness and in declining to vacate its pretrial holding that she was competent to testify. He also argued the spillover effect of the error affected the verdict, although he was acquitted of the charge to

which the testimony specifically related. Finding no error, the court affirmed the conviction. *See Scott v. State of Arkansas*, CACR03-269 (Ark. App., March 10, 2004). (DE #4, Response to Petition for Writ of Habeas Corpus, Exhibit 2)

While serving his jail time, Scott timely filed a petition for post-conviction relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure. Because Scott was no longer in custody, as required by the rule,[1] the trial court dismissed the petition on December 30, 2004. Scott sought review of this ruling from the Arkansas Supreme Court, and he made several arguments urging reversal of the Arkansas precedent requiring physical incarceration to pursue a Rule 37 petition. In the opinion, the court noted Petitioner conceded that his ineffective-assistance-of-counsel claims could have been raised on direct appeal or in a motion for new trial. Declining to overrule established precedent, the court affirmed the dismissal. *See Scott v. State of Arkansas*, CR05-351 (Ark., Feb. 9, 2006). (DE #4, Response to Petition for Writ of Habeas Corpus, Exhibit 4) Scott subsequently filed this habeas petition, asserting the same claims made in the petition for post-conviction relief. Those claims are as follows:

> 1. The broadcast of the victim's testimony from a room separate from the courtroom through closed circuit television, while Petitioner was in the courtroom alone in front of the jury and communicating with his counsel by electronic device, violated his rights under the Confrontation Clause of the Sixth Amendment and under the

---

[1] Post-conviction remedy under Rule 37 is accessible only to a "petitioner in custody under sentence of a circuit court." "In custody," for purposes of Ark. R. Crim. P. 37.1, is limited to physical incarceration. *Bohanan v. State*, 336 Ark. 367, 985 S.W.2d 708 (1999).

procedures set forth in *Maryland v. Craig*, 497 U.S. 836 (1990). Separating Petitioner from his counsel in this manner was a structural error that deprived him of his right under the Sixth Amendment to have counsel engage in private contemporaneous communication with him, and to have counsel observe the jury to determine whether there was juror misconduct and to make the appropriate contemporaneous objection. This procedure deprived Petitioner of his rights under the Fourteenth Amendment to due process and equal protection by placing a "badge of guilt upon him" because it would suggest to the jury that he was too dangerous to be in the same room with the victim. To the extent the record may indicate Petitioner consented to such a procedure, the consent was not knowingly and intelligently made;

2. Without objection by the defense, the State introduced irrelevant evidence of Petitioner's behavior and character to make him appear to be a bad person;

3. The jury was allowed to deliberate until the "wee hours of the morning" even after it had been reported that they were exhausted, and the trial judge had declined to consider the option of letting the jurors come back the next day because he had a probationer's meeting scheduled;

4. Counsel was ineffective at trial in that he failed to

   A. object to the presentation of the victim's testimony through the procedure described in ground one;

   B. object to the presentation of irrelevant evidence of Petitioner's behavior and character described in ground two;

   C. object to the prosecution's presentation of evidence of the good character of the State's witnesses in violation of Rule 608 of the Arkansas Rules of Evidence;

   D. object to allowing the jury to continue to deliberate after they became exhausted as described in ground three;

   E. call Petitioner's parents as witnesses at trial, and an expert witness to testify concerning the unlikelihood that a child of the victim's age at the time she allegedly reported the incidents could have spoken with the language and precision with which the State's witnesses quoted her; and

   F. move for a mistrial because of an incident witnessed by a juror.

4

(DE #8, Petitioner's Reply, Exhibit 1; DE #1, Petition for Writ of Habeas Corpus)

Respondents assert Petitioner's claims are procedurally defaulted because he failed to present them properly to the state courts.  Petitioner acknowledges his constitutional claims in grounds one, two and three were not presented at the trial level or on direct appeal. He asserts, however, that he presented all of his arguments as both substantive constitutional claims and ineffective assistance of counsel claims in his Rule 37 state post-conviction petition pursuant to *Murray v. Carrier*, 477 U.S. 478 (1986), and in recognition of the general exhaustion rule that his ineffective assistance of counsel claims must be presented to the state court as independent claims before being used to establish cause for a procedural default.  Petitioner further argues he gave the state court the opportunity to correct the defect in the proceedings, but the court declined to give him a forum.  (DE #8, Petitioner's Reply)

II.

Ordinarily, a federal habeas court may consider only those claims fairly presented and raised in state court in accordance with state procedural rules.  *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir.), *cert. denied*, 517 U.S. 1215 (1996).  Fair presentation of a claim in state court includes presenting the claim "in a manner entitling petitioner to a ruling on the merits."  *See Gentry v. Lansdown*, 175 F.3d 1082, 1083 (8th Cir. 1999) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

The Arkansas Supreme Court will not consider a claim raised for the first time on appeal.  *Dowty v. State*, 363 Ark. 1, 210 S.W.3d 850 (2005); *Standridge v. State*, 357 Ark.

105, 161 S.W.3d 815 (2004).  Likewise, Rule 37 is not a substitute for direct appeal, and an issue that was raised, or could have been raised on appeal, will not be considered in a Rule 37 petition.  *Weatherford v. State*, 363 Ark. 579, 215 S.W.3d 642 (2005) (per curiam).  *See also Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006); *Weaver v. State*, 339 Ark. 97, 3 S.W.3d 323 (1999); *Neal v. State*, 270 Ark. 442, 605 S.W.2d 421 (1980).

Grounds one, two and three are all issues Petitioner could have raised at trial and on direct appeal, and his failure to raise them was a procedural default.  Further, his attempt to raise them in his Rule 37 petition did not fairly present the issues to the state courts.  Petitioner asserts he properly presented his ineffective assistance of counsel claims as independent grounds to the state court and claims he can now use them as the "cause" to excuse default of his first three grounds.

In order for deficient trial work to constitute the kind of "cause" that would excuse a procedural bar, counsel must have been constitutionally ineffective under *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984) (holding that to constitute ineffective assistance of counsel under the Sixth Amendment, counsel's performance must have fallen below an objective standard of reasonableness that prejudiced the defendant). The availability of such an assertion as cause, however, is not without some restriction.  A showing of ineffective assistance of counsel may excuse a procedural default, *Murray v. Carrier*, 477 U.S. 478, 488 (1986), only if the Petitioner has properly presented such a claim independently in state court, or if, having failed to do that, the Petitioner establishes cause for that default.  *Edwards v.*

*Carpenter*, 529 U.S. 446 (2000). Cause is established when "some objective factor external to the defense impede[s] ... efforts to comply with the State's procedural rule, " such as a showing that the factual or legal basis for the claim was not reasonably available," or that "interference by officials made compliance impracticable." *Murray v. Carrier*, 477 U.S. at 488. In the present case, the first question is whether the dismissal of Petitioner's Rule 37 petition was a procedural default of his ineffective assistance of counsel claims.

The Arkansas Supreme Court stated in the opinion affirming the denial of post-conviction relief that Petitioner conceded his claims of ineffective assistance of counsel could have been raised on direct appeal or in a motion for new trial. In reply to the court's order directing him to brief the effect, if any, the Arkansas Supreme Court's pronouncement has on this court's ability to reach the issues in this petition, Petitioner, citing *Johnson v. State*, 366 Ark. 286, 290, 234 S.W.3d 858, 861-2 (2006), states "[t]he Arkansas Supreme Court has made clear that there is no requirement to allege ineffective assistance of counsel in a motion for new trial," and that alleging ineffective assistance of counsel in such a motion would preclude one from presenting it again in a Rule 37 proceeding. (DE #16, Brief, p. 3) Alternatively, Petitioner argues, "[e]ven if what the Arkansas Supreme Court wrote ... could be construed as a finding of [concession] ... it would not be an adequate and independent state ground barring federal habeas relief" because such a bar must be firmly established and regularly applied. (DE #16, Brief, pp. 1, 4)

In response, Respondents contend "a motion for new trial was an avenue by which

[Petitioner] could have presented his ineffective assistance of counsel claims to the state court," and his "failure to present his ineffective assistance of counsel claims in a proceeding he conceded was available to him–a motion for new trial–results in a procedural default of those claims." (DE #17, Response, pp. 2-3)

There is no need to determine here whether the Arkansas Supreme Court's dismissal of Petitioner's Rule 37 petition was a procedural default, *see Cone v. Bell*, ___ U.S. ___, 129 S.Ct. 1769, 1780 (April 28, 2009), or whether Petitioner defaulted his ineffective assistance of counsel claims by failing to raise them in alternative procedures. A petitioner must establish both cause and prejudice for a default, and a court may initially address either prong of the standard. *United States v. Frady*, 456 U.S. 152, 168 (1982). Judicial economy dictates that the court address the prejudice prong of the procedural default of the ineffective assistance of counsel claims first.

III.

When ineffective assistance of trial counsel is asserted as the basis of cause in the cause/prejudice procedural bar analysis, the presence of a "prejudice" factor in both the *Strickland* paradigm and the test outlined in *Murray v. Carrier*, complicates this multi-step evaluation. To demonstrate prejudice under *Strickland*, the petitioner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. at 694. The "actual prejudice" prong of the procedural default standard requires a petitioner to show the

errors of which he complains "worked to his *actual* and substantial disadvantage," and infected his entire trial with "error of constitutional dimensions." *Charron v. Gammon*, 69 F.3d 851, 857 (8th Cir. 1995), *cert. denied*, 518 U.S. 1009 (1996). These standards are either the same, or procedural bar prejudice is somewhat higher. *Armstrong v. Kemna*, 590 F.3d 592, 606 (8th Cir. 2010) (citing *Clemons v. Luebbers*, 381 F.3d 744, 752-53 n. 5 (8th Cir. 2004) (noting the standards for prejudice under the *Strickland* analysis may be similar to the standards for prejudice under the procedural default analysis); *Charron v. Gammon*, 69 F.3d at 858; *Zinzer v. Iowa*, 60 F.3d 1296, 1299 n. 7 (8th Cir. 1995) (opining in dicta that "actual prejudice required to surmount procedural bar is a higher standard than *Strickland* prejudice)); *O'Rourke v. Endell*, 153 F.3d 560, 570 (8th Cir. 1998) ("If indeed the prejudice analysis is different under the two tests, that is, if default prejudice is a higher standard than the standard for prejudice from constitutionally deficient representation by counsel," petitioner did not show the arguably lesser *Strickland* prejudice). The court will first consider whether Petitioner can establish prejudice for each ineffective assistance of counsel claim under *Strickland*. If he cannot, the analysis ends. If he does, the court will then consider whether he can establish the higher standard of procedural bar prejudice.

A. Victim Testimony

Petitioner contends trial counsel failed to object to the presentation of the victim's testimony through closed circuit television. *See Coy v. Iowa*, 487 U.S. 1012, 1015 (1988). Prior to trial, the State filed a motion to have the victim testify via closed circuit television.

(Vol. 1, p.12)[2] In an amended response to the motion, trial counsel objected to the use of closed circuit television, although objection was waived for a June 28, 2008, competency hearing.[3] (Vol. 1, p. 113) At some point, the parties apparently agreed to have the victim testify by closed circuit television. This is evident when in voir dire trial counsel told potential jurors "we have all agreed to let her testify by video." (Vol. 2, p. 649) Thus, defense counsel did raise an objection, and the issue was apparently resolved by agreement. In fact, the record shows the following exchange:

> COURT: Let's make this record, though Mr. Scott. You were appraised of the fact that we are going to do this closed-circuit with your daughter?
>
> DEFENDANT: Yes. I was listening.
>
> COURT: And did you have any objection to us doing that without her presence?
>
> DEFENDANT: No. I would rather her not be subjected to any more than she has to.

(Vol. 3, p. 1108) Petitioner argues the consent was not knowingly and intelligently made because "of the ineffective counsel in explaining the ramifications of such consent." (DE #1, Petition for Writ of Habeas Corpus, p. 4) His allegations of prejudice are too vague to establish counsel's inaction worked to his actual and substantial disadvantage.

---

[2]Docket Entry #5, a transcript of *James S. Scott v. State of Arkansas*, Pulaski County Circuit Court Case No. CR 01-2417, as filed with the Arkansas Court of Appeals in Case No. CACR 03-00269, is numbered at the top and the bottom of each page. The court's references herein are to the bottom page numbers.

[3]*See* Vol. 1, p. 187-191.

B. "Bad character" evidence

Petitioner argues next, on both due process and evidentiary grounds, that counsel was ineffective because he failed to object to irrelevant behavior and character evidence about him. The testimony complained of includes claims Petitioner (1) had been rude to the victim's dolls; (2) wanted his wife to have an abortion; (3) was an "uninvolved" father; (4) had been critical of his stepson and called him a "pussy," "weenie," and "little camp bitch"; and that (5) the victim touched and talked about her father's penis while she was in bed with both parents and offered to "eat" his body. Petitioner asserts this evidence was only introduced to make him appear a bad person.

Petitioner has not shown the complained-of testimony was objectionable or harmful to his defense, *see Johnston v. Luebbers*, 288 F.3d 1048, 1056 (8th Cir. 2002) ("[b]ecause the evidence about which Johnston complains was not objectionable under Missouri law, it was not unreasonable for the Missouri Supreme Court to conclude that Johnston suffered no *Strickland* prejudice from his counsel's decision not to object to that evidence."), or that it worked to his actual and substantial disadvantage. Petitioner merely refers this court to certain state rules of evidence and constitutional provisions. The court cannot form Petitioner's arguments for him. Further, his argument that the "lack of severity of the verdict," *see* DE # 1, Petition for Writ of Habeas Corpus, p. 8, establishes prejudice is too vague and conclusory to satisfy either standard for prejudice.

11

C. Failure to object to "good character" evidence

In his next claim, Petitioner asserts trial counsel was ineffective for not objecting to the prosecution's presentation of "good character" of (1) his wife, Dr. Jane Scott, through the testimony of Dr. Maryelle Von Lanthem and Reverend Paul McClung, (2) LaJuana Oswalt and Meghan Oswalt also through the testimony of Rev. McClung, and (3) Meghan Oswalt through the testimony of LaJuana Oswalt. He states the evidence was introduced in violation of due process guarantees of the Fifth and Fourteenth Amendments, Article 2, Section 8 of the Arkansas Constitution and Rule 608 of the Arkansas Rules of Evidence.

Petitioner has failed to show the testimony was objectionable or harmful, and he has not overcome the presumption that counsel acted professionally. Even if error were shown, he has not demonstrated that, but for counsel's failure to object, the result of his trial would have been different, or that the testimony worked to his actual and substantial disadvantage and infected his entire trial with error of constitutional dimensions. Petitioner merely cites to a state rule of evidence and constitutional provisions without any explanation of how he contends counsel could have kept the evidence out by objecting to its admissibility.

D. Jury Deliberations

In his fourth claim, Petitioner alleges counsel was ineffective for failing to object when the trial judge allegedly forced the jury to deliberate, even though exhausted, to reach a verdict. He argues the fact that the jury reached a compromise verdict was evidence of prejudice.

The record paints a different picture. Following closing arguments, the trial court announced the parties would wait in the courtroom while the jury retired. (Record Volume 3, p. 1371) The jury retired to deliberate at approximately 5:30 p.m. (*Id*. at 1378) Thereafter, the jury reentered the courtroom and requested a break to move their cars, get some food, and make phone calls. The court arranged dinner for the jury and allowed them to take a break until 8:30 p.m. (*Id*. at 1374) Later, the jury had a question and was brought back into the courtroom, where the following colloquy took place:

COURT:       And the jury has a question. The question is: we want to see a tape or a transcript of [the victim's] testimony. And my response is: I am unable to provide you with a tape or a transcript of the testimony that you requested. You must rely upon your notes and your collective memory to resolve this.

                Now, I am glad you came out because I did have a question to ask you-all. I don't know if you-all wanted to stay and continue to deliberate, if you wanted to come back on Monday. We want to know what you want to do on that so we will have some idea.

FOREPERSON: We have not discussed it. May we have a few moments?

COURT:       Do you-all want to go back and discuss it and let us know what you want to do? Essentially at this phase, you won't interrupt any of our court proceedings. Y'all could deliberate as long as you want to on Monday. You wouldn't be interfering with us any, but that's just up to you-all what you want to do one way or the other. I don't know how close you are. I don't know if y'all are anywhere near, and I really don't want to know. But as long as y'all are making progress, that's good.

FOREPERSON: May we deliberate on Saturday and Sunday?

COURT:       We don't have the facilities to do it on Saturday. Actually, we have another court program going on tomorrow at 11. We have a court-ordered program that we do tomorrow. And on Sundays, I don't think we could get people to come. So it would be difficult, but - - I am trying to avoid having to come

|  |  |
|---|---|
| | back on Monday and - |
| JUROR 7: | We're tired. |
| JUROR 1: | We're going. I mean, we're in the process. So - - |
| COURT: | Okay. All right. I just don't - - why don't y'all go back there and discuss it and we'll talk with the attorneys and see - - I just don't - - |

The jury removed to the jury room, and the court asked counsel for alternative ideas, and defense counsel stated,

|  |  |
|---|---|
| DEFENSE COUNSEL: | I say we let them decide, Judge, I mean, how long they want to go tonight. And I heard them say they're tired and exhausted, and I don't think we can tell them that they need to quit. |
| PROSECUTOR: | I agree with that. I'm just trying to think of alternatives if they come back because Monday, I don't think, is a good alternative for anybody, but it sounds like for them it's not. |

(*Id.* at 1378-79) When the jury returned, it had reached a unanimous verdict.

The trial judge did not force the jury to continue its deliberations, and he clearly gave the jury the opportunity to make its own decision. Petitioner has failed to show how any inaction by counsel regarding this issue "worked to his *actual* and substantial disadvantage." *See Charron v. Gammon*, *supra*.

E. Failure to call certain witnesses

Petitioner claims that, had trial counsel retained and called his parents and an expert witness to testify at his trial, there is reasonable likelihood the result in his case would have been different. He claims competent trial counsel would have called his parents to testify

14

that his wife, Dr. Jane Scott, told them the night after his arrest, that she "didn't mean for it to go this far." This testimony, Petitioner contends, would have presented evidence of her bias, motivation and credibility, and it could have been used to impeach her testimony. Additionally, Petitioner claims trial counsel should have retained and called an expert witness to testify concerning the unlikelihood that a child of the victim's age at the time she allegedly reported the incidents could have spoken with the language and precision with which the State's witnesses quoted her.

A decision whether to interview or call a particular witness is related to adequate preparation for trial, not trial strategy, and the decision must be made after reasonable investigations or a reasonable decision that makes particular investigations unnecessary. *Chambers v. Armontrout*, 907 F.2d 825, 828 (8th Cir.) (en banc), *cert. denied*, 498 U.S. 950 (1990). Whether or not a defendant agrees with a decision not to call a certain witness does not make that decision any more reasonable. *Id.* at 11-12.

It is petitioner's burden to prove the scope and weight of any evidence not offered, and its value to the defense must be substantial. *Stokes v. Armontrout*, 851 F.2d 1085 (8th Cir. 1988), *cert. denied*, 488 U.S. 1019 (1989).

Here, trial counsel did call Petitioner's mother, Lou Scott, as a witness, but he did not inquire about this alleged conversation with Dr. Scott. (Record Volume 3, pp. 1283-88) Further, Dr. Scott testified at trial, and counsel did not question her about the conversation she supposedly had with Petitioner's parents. Petitioner contends the testimony from his

15

parents would have been that Dr. Scott told them she "didn't mean for it to go this far." However, Petitioner has not submitted affidavits from these two witnesses attesting to what their testimony would have been. Without such support, his argument is based on conclusions and speculations. Further, the existence of the testimony, as presented by Petitioner's unsupported allegations, would not establish that no reasonable jury could have credited the testimony of the prosecution witnesses and found Petitioner guilty beyond a reasonable doubt. *See Bosley v. Cain*, 409 F.3d 657, 665 (5th Cir. 2005) (per curiam), *cert. denied*, 547 U.S. 1208 (2006). *See also Strickland v. Washington*, 466 U.S. at 687 (stating prejudice exists only when there "is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."); *Griffin v. Delo*, 33 F.3d 895, 900 (8th Cir. 1994) (rejecting ineffective assistance of trial counsel claim for failure to investigate defendant's alibi defense; failure did not result in "the omission of affirmative evidence that would have exculpated" petitioner). It necessarily follows then that, since Petitioner has not demonstrated sufficient prejudice under *Strickland*, he has not shown sufficient prejudice under the procedural default standard. *United States v. Frady*, 456 U.S. at 170.

With regard to calling an expert, Petitioner has offered no evidence that an expert could be found; nor has he demonstrated how his case was prejudiced by not retaining an expert. In the absence of an affirmative showing that relevant testimony by an expert would have exculpated him, Petitioner cannot show the requisite prejudice to prevail on this claim.

*See Wildman v. Johnson*, 261 F.3d 832, 839 (9th Cir. 2001) (petitioner failed to show ineffective assistance because he did not demonstrate how his case was prejudiced by not retaining an expert; "[petitioner] has offered no evidence that an ... expert would have testified on his behalf at trial. He merely speculates that such an expert could be found. Such speculation, however, is insufficient to establish prejudice ... speculating as to what [an] expert would say is not enough to establish prejudice.").

F.  Failure to Move for Mistrial

During his trial, Petitioner claims he, his sister, and a friend entered an elevator occupied by at least one juror and the sister of a State's witness. According to Petitioner, when the "woman" saw him, she screamed and exited the elevator. Petitioner claims he notified trial counsel of the incident and argues counsel was ineffective for failing to either move for a mistrial or to conduct an inquiry regarding the incident. Even if the court credits Petitioner's unsupported allegation, Petitioner is not entitled to relief. Petitioner does not specify whether the "woman" was the juror or the sister of the state witness, but the court presumes he is referring to the sister. (DE #1, Petition for Writ of Habeas Corpus, p. 11)

There is no evidence the juror was influenced in any way by this incident, and without any proof, any claim that it worked to Petitioner's actual and substantial disadvantage and infected his entire trial with error of constitutional dimensions, amounts to nothing more than speculation.

IV.

Petitioner has failed to establish he was prejudiced by counsel's alleged deficiencies or actions at trial. Therefore, he cannot use his claims of ineffective assistance of counsel as cause to excuse the procedural default of grounds one, two and three, or as substantive claims for relief. Petitioner is not entitled to relief.

V.

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed with prejudice. The relief prayed for is denied.

SO ORDERED this 31st day of March, 2010.

*Henry L. Jones, Jr.*
United States Magistrate Judge