UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**JAMES S. SCOTT**                                                                           **PETITIONER**

v.                  **CASE NO. 4:07cv00032 BSM/HLJ**

**G. DAVID GUNTHARP, Director**
**Arkansas Department of Community Correction;**
**WILLARD PROCTOR, JR., Circuit Judge, Sixth**
**Judicial District**                                          **RESPONDENTS**

## ORDER

Petitioner, James S. Scott, requests a certificate of appealability ("COA"). [Doc. No. 25]. The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that an appeal from the dismissal of a habeas action cannot be taken unless the trial court or the court of appeals grants the prisoner a COA. 28 U.S.C. § 2253(c)(1). A COA will issue only when an applicant has "made a substantial showing of the denial of a constitutional right." *Winfield v. Roper*, 460 F.3d 1026, 1040 (8th Cir. 2006) (quoting 28 U.S.C. § 2253(c)(2)). Furthermore, there must be a demonstration that "a reasonable jurist" would find the court's disposition of the constitutional claims or procedural rulings "debatable or wrong." *See Tennard v. Dretke*, 542 U.S. 274, 276 (2004); *see also Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002). Finally, if a certificate of appealability is granted, the order must "indicate which specific issue or issues" may be challenged on appeal. 28 U.S.C. § 2253(c)(3).

Petitioner's motion for a COA is denied because it is concluded, based on well-established and controlling precedent, that reasonable jurists would not find the rulings at issue to be debatable or wrong. If petitioner wishes to appeal the dismissal of his habeas

action, he must obtain a COA from the Eighth Circuit Court of Appeals pursuant to 28 U.S.C. § 2253(c)(1).

Accordingly, petitioner's motion for certificate of appealability [Doc. No. 25] is denied.

Dated this 15th day of September, 2010.

_____
UNITED STATES DISTRICT JUDGE